**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:99-cr-127WS
    CIVIL NO. 3:05-cv-551WS

GREGORY W. HAYGOOD

**ORDER**

Before the court is the defendant's motion to vacate judgment and to grant habeas corpus relief pursuant to Title 28 U.S.C. § 2255.[1] The defendant was sentenced to serve 121 months for conspiracy to distribute marijuana and cocaine in violation of Title 21 U.S.C. §§ 841(a)(1) and 846[2]. On February 27, 2004 the defendant appeared and entered a plea of guilty pursuant to a Memorandum of Understanding with the United States wherein the defendant stipulated to 855 kilograms of marijuana and 8 kilograms of cocaine. The Memorandum of

---

[1] Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

[2] Title 21 U.S.C. § 841(a), Unlawful Acts, states that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally- (1) to manufacture, distribute, or dispense, or possess with intent to distribute, or dispense, a controlled substance.

Title 21 U.S.C. § 846 pertains to attempt and conspiracy and states that, "[a]ny person who attempts to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Understanding contains certain waivers, particularly the waiver of his right to appeal his conviction or the manner in which his sentence was imposed; and his right to pursue habeas corpus relief pursuant to Title 28 U.S.C. § 2255. For the reasons that follow, this court finds that the defendant's habeas corpus petition brought pursuant to Title 28 U.S.C. § 2255 must be denied.

## **THE PETITION IS TIME BARRED**

The defendant seeks to pursue habeas corpus relief based on ineffective assistance of counsel, asserting that counsel was ineffective because he did not file a timely appeal of the defendant's conviction. Of course, as previously noted, the defendant waived his right to pursue an appeal or to file a § 2255 motion. The defendant attacks only the assistance of his counsel for failing to file an appeal. No other constitutional issues are raised[3]. However, the record shows that defense counsel filed a notice of appeal, notwithstanding the waiver contained in the Memorandum of Understanding. This notice of appeal was filed on May 17, 2004. This court's Judgment in a Criminal Case was filed on May 24, 2004, and became final on June 3, 2004.[4]

---

[3] Relief under Title 28 U.S.C. §§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). A criminal defendant seeking relief from his conviction or sentence in a Motion to Vacate pursuant to 28 U.S.C. § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

[4] This ten-day requirement is based on Rule 4(b)(1)(A)(I) of the Federal Rules of Appellate Procedure which provides in pertinent part that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (I) the entry of either the judgment or the order being appealed; ... ."

On September 12, 2005, the defendant filed the instant petition for habeas corpus relief, over one year after his conviction became final. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for filing a motion to vacate sentence pursuant to § 2255. The limitation period runs from the latest of (1), the date on which the judgment of conviction becomes final; (2), the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;  (3), the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4), the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. In the instant case the statute of limitations began to run on the date the defendant's judgment became final, June 3, 2004, ten days after its entry. Thus, presuming that the defendant had not waived his right to pursue habeas relief under § 2255, the petition should have been filed no later than June 3, 2005 to avoid being untimely. Consequently, this court finds that, if the defendant had not waived his right to pursue habeas relief under § 2255, the petition still would have to be dismissed on limitations grounds.

In passing, this court finds no basis for applying the doctrine of equitable tolling. This doctrine is applicable only in rare and exceptional circumstances. *Cousin v.*

*Lensing*, 310 F.3d 843, 847-8 (5th Cir. 2002); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). Equitable tolling would be warranted only in situations where a defendant is misled by the respondent or is prevented in some extraordinary way from asserting his rights. *Id.* The instant petition makes no such assertions, claiming instead that counsel was ineffective for failing to file an appeal.

## **THE DEFENDANT'S CLAIMS ARE WAIVED**

Nowhere in the § 2255 petition does the defendant challenge the validity of his guilty pleas or the waivers of both the right to appeal and the right to pursue habeas corpus relief as set forth in the Memorandum of Understanding he signed. The petition does not challenge counsel's advice related to the defendant's guilty plea, the signing of the Memorandum of Understanding, or the waivers therein contained. There is nothing to inform this court that the waivers were not knowingly and understandably agreed to by the defendant, so, they are enforceable. *United States v. White*, 307 F.3d 336, 339 (5th Cir.2002); *see also United States v. Wilkes*, 20 F.3d 651 (5th Cir.1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); and *United States v. McKinney*, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-*Booker*,[5] a waiver of appeal rights that was signed prior to the issuance of *Booker*). The defendant's claim that he received ineffective assistance would fall outside the scope of his waivers only if the claim was a direct challenge to the validity of his plea. *White*, 307 F.3d at 343-44. Consequently, the defendant's right to appeal and his

---

[5] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

right to pursue habeas corpus relief are waived in accordance with the Memorandum of Understanding signed by the defendant. This court shall enforce these waivers.

## **CONCLUSION**

For the above stated reasons, the defendant's petition under Title 28 U.S.C. § 2255 is denied. Under the circumstances of this case, this court also denies the defendant a Certificate of Appealability.

**SO ORDERED**, this the 3rd day of April, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

CRIMINAL NO. 3:99-cr-127WS
Order denying habeas petition